**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Lee Liniger,<br><br>Debtor/Appellant.<br><br>vs.<br><br>BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing, LP,<br><br>Appellee. | No. 2:10-cv-02075-PHX-DGC<br><br>No. 2:09-ap-01706-GBN<br>No. 2:09-bk-03241-GBN<br>BAP No. AZ-10-1349 |

Daniel Liniger appeals from the final judgment entered by the bankruptcy court in favor of BAC Home Loans Servicing, LP ("BAC") on September 9, 2010. Doc. 1 at 10-11. The appeal is fully briefed. Docs. 8, 10, 11. No party has requested oral argument. For reasons that follow, the bankruptcy court's judgment will be affirmed.

The key issue on appeal is whether, under A.R.S. § 33-806(A), BAC's junior lien on real property was revived following foreclosure by the senior lienholder where the trustor subsequently reacquired the property. The bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law, de novo. *In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996). The Court agrees with the bankruptcy court (Doc. 8-1 at 55-56) that as interpreted by *Transamerica Financial Services, Inc. v. Lafferty*, 856 P.2d 1188 (Ariz. Ct. App. 1993), A.R.S. § 33-806(A) operated to revive BAC's lien.

Section 33-806(A) provides, in pertinent part, that "[a]n interest in the trust

property acquired by the trustor subsequent to the execution of the trust deed shall inure to the trustee as security for the contract or contracts for which the trust property is conveyed[.]" In *Lafferty*, Robert and Rosalinda Guerrero had first and second deeds of trust on their real property, the second being held by Transamerica Financial Services. Carl Lafferty purchased the property at a trustee's sale under the first deed and then sold the property back to the Guerreros. Transamerica argued that even if its junior lien was extinguished by the trustee's sale, *see* A.R.S. § 33-811(E), the reacquisition of the property by the Guerreros revived the lien under A.R.S. § 33-806(A). The court of appeals agreed:

> The Guerreros, as trustors under Transamerica's [second] deed of trust, bought the property from Lafferty after the trustee's sale. Thus, they acquired an interest in the trust property subsequent to the execution of the [second] trust deed. *See* A.R.S. § 33-806(A). Pursuant to this statute, that interest "inured to the trustee as security for the contract."

856 P.2d at 1193.

In this case, Liniger owned real property located in Gilbert, Arizona. Doc. 8 at 6. When Maria Lopez de Horn ("Horn") purchased the property from Liniger in May 2006, she executed a promissory note for a $492,000 mortgage loan from BAC's predecessor, which was secured by a deed of trust against the property (the "BAC deed of trust"). *See id.*, ¶¶ 1-2. That deed was extinguished when the senior lienholder, Mazuma Investments, Inc. ("Mazuma"), purchased the property at a trustee's sale on September 7, 2007. *See id.* at 8, ¶¶ 11-12. Mazuma thereafter transferred the property back to Horn by way of quit claim deed in December 2007. *See id.* at 10; Doc. 8-1 at 51-54. Because Horn reacquired the property subsequent to the execution of the BAC deed of trust, her interest in the property, under A.R.S. § 33-806(A), inured to BAC as security for the promissory note Horn executed to obtain the mortgage loan. *See Lafferty*, 856 P.2d at 1193. This valid lien against the property continues to exist after the transfer of the

property back to Liniger in December 2008. *See* Doc. 8-1 at 54. In short, Liniger does not own the property free and clear of any interest claimed by BAC.

Liniger contends that in order for § 33-806(A) to apply in this case, the BAC deed of trust "must be exactly as described in the *Lafferty* case." Doc. 11 at 4. But the holding in *Lafferty* was not dependent on the specifics of the deed of trust revived under § 33-806(A). The factual differences between this case and *Lafferty* are immaterial.

Liniger asserts that the bankruptcy court failed to consider the legislative intent behind § 33-806(A). Doc. 8 at 12. He is incorrect.

In *Lafferty*, the plaintiff argued that § 33-806(A) was not intended to revive liens extinguished by foreclosure sale, but instead was meant to codify the common law rule of after-acquired title, that is, a situation where a purchaser of property grants a deed of trust shortly before acquiring title to the trust property. 856 P.2d at 1193. The court of appeals noted that "[a]lthough this may be true, the literal terms of the statute are not so restrictive." *Id.* The bankruptcy court found, correctly, that the "court of appeals is saying whatever the argument would be for what the legislature intended in [§] 33-806(A), courts are to follow the literal wording of the statute[.]" Doc. 8-1 at 56. Liniger cites no legal authority to the contrary. The bankruptcy court did not err in its literal application of § 33-806(A).

Liniger further asserts that statutes other than § 33-806(A) are more applicable, specifically A.R.S. §§ 33-811(E), 33-723, 33-801(4), 33-729(A), 33-814(G), and 33-705. Doc. 8 at 12-16. The Court does not agree.

Both the bankruptcy court and the court of appeals in *Lafferty* recognized that under § 33-811(E), junior liens are extinguished following a foreclosure sale by the senior lienholder. Doc. 8-1 at 52-53; *Lafferty*, 856 P.2d at 1192. The question in this case is not the effect of this general rule – everyone agrees that BAC's lien was extinguished by the trustee's sale – but whether that lien was revived under § 33-806(A) when Horn reacquired the property. *See* Doc. 8-1 at 53. Contrary to

- 3 -

Liniger's assertion (Doc. 8 at 13), § 33-811(E) is not controlling.

Section 33-723 provides a remedy for a junior lienholder before a foreclosure sale, that is, a junior lienholder "shall be entitled to an assignment of all the interest of the holder of the mortgage or deed of trust by paying him the amount secured, with interest and costs, together with the amount of any other superior liens of the same holder." Nothing in this statute precludes application of § 33-806(A) after the foreclosure sale.

Section 33-801(4) sets forth the definition of a "contract."  Noting that § 33-806(A) applies to transfers of trust property made to secure the performance of a contract,  Liniger argued below that the statute does not apply because "[t]here was no contract that put the property back into Maria A. Lopez de Horn's name."  Doc. 8-1 at 44-45.  But the bankruptcy court found, correctly, that the quitclaim deed between Horn and Mazuma constitutes a valid contract.  *Id.* at 46.  More important, however, are the promissory note and deed of trust between Horn and BAC.  Those documents constitute contracts for purposes of § 33-806(A).  *See* A.R.S. § 33-801(4) (a "contract" includes "a promissory note or provisions of any trust deed"); *Lafferty*, 856 P.2d at 1193.

Sections 33-729(A) and 33-814(G) are anti-deficiency statutes.  The first one applies to purchase money mortgages and purchase money deeds of trust foreclosed judicially, while the other applies to deeds of trust foreclosed by trustee's sale.  *See Mid Kan. Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 804 P.2d 1310, 1313-14 (Ariz. 1991).  Because BAC has not foreclosed on its deed of trust, judicially or by trustee's sale, the anti-deficiency statutes do not apply.

Finally, § 33-705 provides that a purchase money mortgage or deed of trust "has priority over all other liens and encumbrances that are incurred against the purchaser before acquiring title to the real property."  Liniger does not explain, and it is not otherwise clear to the Court, how this priority statute precludes application of § 33-806(A).

The bankruptcy court erred, Liniger claims, in declining to resolve the effect of the

- 4 -

December 2007 quit claim deed between Horn and Mazuma. Docs. 8 at 16, 8-1 at 54. The stated purpose of that deed was to nullify the trustee's sale held in September 2007. Doc. 8-1 at 54. Liniger notes, correctly, that if the trustee's sale were to be nullified, Mazuma would have had no legal right to deed the property to Horn. Doc. 8 at 16-17. But this also would have rendered a nullity the subsequent quit claim deed transferring the property from Horn to Liniger. The bankruptcy court's decision not to resolve the effect of the quit claim deed between Horn and Mazuma has not prejudiced Liniger.

In summary, the Court concludes that under A.R.S. § 33-806(A), the BAC deed of trust was revived when Horn reacquired the property after the trustee's sale. *See Lafferty*, 856 P.2d at 1193. The bankruptcy court's judgment in favor of BAC and against Liniger (Doc. 1 at 10-11) will be affirmed.

BAC's request for attorneys' fees (Doc. 10 at 9-10) is denied. Liniger is not a party to the BAC deed of trust. Nor has he unreasonably and vexatiously multiplied the proceedings for purposes of 28 U.S.C. § 1927.

**IT IS ORDERED:**

1. The final judgment entered by the bankruptcy court on September 9, 2010 (Doc. 1 at 10-11) is **affirmed**.

2. The Clerk is directed to terminate this action.

Dated this 23rd day of March, 2011.

_____
David G. Campbell
United States District Judge